## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BENAD ABIODUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  14-0689 (KBJ) |
| | ) | |
| ERIC H. HOLDER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Benad Abiodun ("Abiodun"), has filed the instant *pro se* action against Eric H. Holder, Jr., the Attorney General of the United States (the "Government"), challenging the Government's denial of his naturalization application, his deportation to Nigeria, and the underlying state law narcotics conviction that led to the denial of his naturalization application and his deportation.  This Court previously granted Abiodun's motion for leave to proceed *in forma pauperis* and accepted his complaint for filing after initial review.  (*See* Fiat Order of April 3, 2014.)  Nevertheless, this Court has a continuing obligation under 28 U.S.C. § 1915(e)(2)(B)(i) to dismiss any *in forma pauperis* complaint that it determines is "frivolous or malicious."  Because it is now apparent that Abiodun has pursued the relief that he seeks here ad nauseam in the Colorado courts—in at least 12 different suits—this Court finds that his current complaint is frivolous and malicious under section 1915(e)(2)(B)(i).  Accordingly, this Court is obliged to **DISMISS** his complaint.  *Id.*

**Background**

Abiodun is a citizen and national of Nigeria, who lawfully entered the United States and became a permanent resident in 1996. *Abiodun v. Gonzales*, 461 F.3d 1210, 1211 (10th Cir. 2006). He filed an application with the Immigration and Naturalization Service ("INS") to become a naturalized citizen of the United States in January of 2001. *Id*. at 1212.[1] In April of 2002, after Abiodun had completed the naturalization application process but before INS had made a final decision on his application, a Colorado jury convicted Abiodun of two counts of distribution of a controlled substance and two counts of possession of a controlled substance. *People v. Abiodun*, 111 P.3d 462, 464 (Colo. 2005). The trial court sentenced Abiodun to four concurrent four-year terms of imprisonment. *Id.* The Colorado appellate courts affirmed his distribution convictions, but vacated his possession convictions. *Id.* As a result of his drug distribution convictions, on October 4, 2004, the Bureau of Citizenship and Immigration Services denied his application for naturalization. *Abiodun*, 461 F.3d at 1212.

In July of 2002, and also as a result of his drug convictions, the INS commenced removal proceedings against Abiodun by issuing a warrant for his arrest and notice to appear, and filing a detainer with the Colorado prison authorities. *Id*. An immigration judge entered a final order of removal in May of 2005, which both the Board of Immigration Appeals and the Tenth Circuit affirmed. *Id*. at 1211. On June 3, 2008,

---

[1] "On March 1, 2003, the INS ceased to exist. . . . The Homeland Security Act (HSA) created the Bureau of Citizenship and Immigration Services [within the Department of Homeland Security], and made it responsible for adjudication of immigrant and visa petitions, naturalization petitions, and asylum and refugee applications, and adjudications performed at INS service centers." *Abiodun*, 461 F.3d at 1212 n.1 (internal citations omitted).

DHS removed Abiodun from the United States to Nigeria, where he currently resides. *Abiodun v. Holder*, No. 09cv00503, 2009 WL 1688767 at *1 (D. Colo. June 12, 2009). As a result of his conviction and deportation, Abiodun cannot reenter the United States for 20 years without a waiver from the Attorney General. *See* 8 U.S.C. § 1182(a)(9).

Abiodun has filed no fewer than 12 lawsuits in the United States District Court for the District of Colorado challenging, among other things, the circumstances surrounding his conviction, the denial of his naturalization application, and his subsequent deportation. *See Abiodun v. Holder*, No. 11cv02113, 2012 WL 3844912, at *2-4 (D. Colo. Aug. 9, 2012) (detailing Abiodun's Colorado litigation history), *adopted by* 2012 WL 3844810 (D. Colo. Sept. 5, 2012).  Some of these lawsuits were petitions for writs of habeas corpus (*see, e.g.*, *Abiodun v. Mauerer*, No. 05cv00352 (D. Colo. Mar. 3, 2006)), while others were tort and civil rights actions (*see, e.g.*, *Abiodun v. Ortiz*, No. 06cv02463 (D. Colo. Dec. 26, 2006); *Abiodun v. Maurer*, No, 07cv02431 (D. Colo. Aug. 6, 2008)).  It is particularly significant here that, in light of his repeated lawsuits, the Colorado federal court has found that Abiodun has engaged in "abusive filing behavior" and has issued a pre-filing injunction that bars him from filing any new actions in that court except under certain circumstances. *See Abiodun*, 2012 WL 3844912, at *4-5 (noting that Abiodun "has repeatedly challenged the denial of his petition for naturalization, the fact and length of his detention pending removal, the order of removal, and his removal despite being told that the claims are barred by *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] and *res judicata* and that they are repetitive, frivolous, and malicious"), *adopted by* 2012 WL 3844810, at *1.

The Colorado filing injunction apparently has not prevented Abiodun from continuing his litigation quest, albeit in a different venue. The complaint he has filed in the instant case restates each claim that was made in at least one, if not multiple, of his 12 prior failed suits; to wit: that DHS improperly denied his naturalization application, that the removal proceedings were invalid, that DHS's arrest and detention of him were unlawful, that DHS officials retaliated against him based First Amendment protected activity, that he should be readmitted to the United States and naturalized, and that his underlying conviction is unconstitutional. *See, e.g.*, *Abiodun*, 2012 WL 3844912, at *2-4 (describing litigation history). Indeed, the Government here has filed a motion to dismiss that restates many, if not all, of the arguments it raised in Abiodun's prior suits. *Compare, e.g.*, Mot. to Dismiss, ECF No. 9, at 10-11 (*Heck v. Humphrey* bars Abiodun's claims under 42 U.S.C. § 1983) *with Abiodun v. United States*, No. 07cv1713, 2007 WL 2782542, at *1 (D. Colo. Sept. 20, 2007) (holding that *Heck v. Humphrey* bars Abiodun's claims under the FTCA).[2]

## **Analysis**

An individual's right to access to the courts "is neither absolute nor unconditional." *In re Green*, 669 F.2d 779, 785 (D.C. Cir.1981) (per curiam), *abrogation on other grounds recognized by Hurt v. Social Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008). To that end, section 1915(e) of Title 28 requires a court to dismiss an *in forma pauperis* complaint upon a determination that, among other

---

[2] The Government makes a few additional arguments for dismissal here, including that this matter is barred by *res judicata*. Given that the Government's *res judicata* assertion is based on the Colorado court's dismissal without prejudice of a 2011 complaint Abiodun filed for lack of proper service, this Court finds that argument questionable. Nevertheless, the Court's conclusions regarding the overall frivolous and malicious nature of Abiodun's case render reaching the Government's *res judicata* argument unnecessary.

grounds, it is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  The purpose of this requirement is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327, (1989); *see also Marin v. La Paloma Healthcare Ctr.*, No. 11cv230, 2014 WL 4828713, at *5 (W.D. Pa. Sept. 29, 2014) (dismissing under 28 U.S.C. § 1915(e) a complaint filed by serial litigator as "vexatious and filed for vindictive and obstructive purposes.").  A complaint is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  While the Supreme Court has not defined the term "malicious" in the context of this statute, courts in this district have not hesitated to dismiss cases where a "plaintiff has a history of filing frequent and repetitive lawsuits [where] these relentless filings are harassing to the Court.  *See, e.g.*, *Colbert v. Cincinnati Police Dep't*, 867 F. Supp. 2d 34, 36-37 (D.D.C. 2011).

It is clear beyond cavil that the instant case is frivolous and malicious.  Indeed, the Colorado district court dismissed a substantively identical complaint that Abiodun filed in 2009 as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Abiodun v. Holder*, No. 09cv1900, Slip Op., ECF No. 6 (Nov. 19, 2009).  When later issuing its pre-filing injunction, another Colorado judge court noted that Abiodun had previously been warned that his seriatim complaints "are repetitive, frivolous, and malicious."  *See Abiodun*, 2012 WL 3844912, at *5, *adopted by* 2012 WL 3844810, at *1.  What is more, it is readily apparent that Abiodun has filed the instant action in this District solely to avoid Colorado's pre-filing injunction.  *See id*.  Such jurisdiction shopping and

malicious litigation tactics cannot be countenanced.  *Cf. Geenen v. Salazar*, No. 07cv5070, 2010 WL 3363385, at *2 (D.S.D. Aug. 25, 2010) (denying motion to intervene where motion was an attempt to evade pre-filing injunction entered in another district).

### Conclusion

As the Tenth Circuit has observed, "Abiodun has used every tool possible to remain in the United States, and this lawsuit is yet another example." *Abiodun v. Mukasey*, 264 F. App'x 726, 730 (10th Cir. 2008).  Because Abiodun brings here the same claims that he has already litigated and lost numerous times before the U.S. District Court for the District of Colorado, and because he has obviously done so in an attempt to evade the pre-filing injunction that court issued, this Court finds that the instant action is frivolous and malicious, and it will **DISMISS** Abiodun's complaint under 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Order accompanies this Memorandum Opinion.


Date:  March 31, 2015                    *Ketanji Brown Jackson*
                                         KETANJI BROWN JACKSON
                                         United States District Judge